UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| BRADLEY OMAR JOHNSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 1:24-cv-00028-SRC |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**Memorandum and Order**

In May 2025, the Court denied Bradley Omar Johnson's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The Court also declined to issue a certificate of appealability because Johnson had failed to make a substantial showing that he suffered the denial of a constitutional right. Now Johnson, citing to Federal Rule of Civil Procedure 59(e), asks the Court to alter or amend its prior judgment. Because Johnson has failed to present adequate grounds for relief under Rule 59(e), the Court denies Johnson's motion.

**I.      Background**

The Court recounted the factual and procedural background of Johnson's criminal and civil cases in its order denying Johnson's section 2255 motion. *See* Memorandum and Order at 1–14, No. 1:24-cv-00028-SRC, *Johnson v. United States* (E.D. Mo. May 22, 2025), doc. 14 ("Civ. doc.") (The Court cites to page numbers as assigned by CM/ECF.). As the Court noted, Johnson raised three grounds for relief in his section 2255 motion: (1) that he suffered ineffective assistance of counsel at plea negotiations and sentencing, (2) that he suffered ineffective assistance of counsel on direct appeal, and (3) that the Court imposed an allegedly disparate sentence. *Id.* at 17–22. The Court rejected all three arguments and denied Johnson's

motion without an evidentiary hearing. *Id.* at 24. The Court declined to issue a certificate of appealability because Johnson had failed to "make a substantial showing that he suffered the denial of a constitutional right." *Id.* at 22 (citation omitted).

In Johnson's first ground (the only ground that bears relevance to Johnson's pending motion), he argued that his plea agreement erroneously stated a base offense level of 34 and that his counsel performed deficiently by failing to object to that base offense level during plea negotiations and sentencing. Civ. doc. 1 at 14. Johnson argued that the base offense level was erroneous because he pleaded guilty only to a single count, which alleged only that Johnson distributed 50 grams or more of a mixture or substance containing methamphetamine. *See id.*; *see also* Guilty Plea Agreement at 1–2, *United States v. Johnson*, No. 1:19-cr-00100-SRC-2 (E.D. Mo. May 5, 2021), doc. 320 ("Crim. doc."); crim. doc. 1 at 3. Under the operative sentencing guideline, a base offense level of 34 corresponds to an amount of methamphetamine of at least five kilograms but less than 15 kilograms, whereas a base offense level of 24 corresponds to an amount of methamphetamine of at least 50 grams but less than 200 grams. *See* U.S. Sent'g Guidelines Manual §§ 2D1.1(c)(3), 2D1.1(c)(8) (U.S. Sent'g Comm'n 2018). Therefore, Johnson's argument went, "based on [Johnson's] offense of conviction," the base offense level "[should] have been set at a 24." Civ. doc. 1 at 15.

The Court broke Johnson's argument up into two pieces—ineffective assistance of counsel during *plea negotiations* and ineffective assistance of counsel during *sentencing*. Civ. doc. 14 at 17. And the Court rejected Johnson's argument as to both stages. *Id.* at 17–20.

As to the first piece, the Court explained that to satisfy the prejudice element of ineffective assistance of counsel "in the context of plea negotiation, a petitioner must show 'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty

and would have insisted on going to trial.'" *Id.* at 17–18 (quoting *Covington v. United States*, 739 F.3d 1087, 1090 (8th Cir. 2014)). Reviewing the transcript from Johnson's change-of-plea hearing, however, (where Johnson *personally* discussed the base-offense-level issue with the Court yet still "insisted that he was 'willing to proceed' with his guilty plea," *id.* at 18 (quoting crim. doc. 345, Plea Hr'g Tr. at 13:1–13:3)), the Court concluded that the record affirmatively refuted Johnson's argument, *id.* at 18.

As to the second, the Court noted that "Johnson's argument relie[d] on an incorrect theory of the law—that the Court [could] consider only those facts essential to a defendant's conviction at sentencing." *Id.* at 19. The Court explained that "in a drug distribution case, quantities and types of drugs not specified in the count of conviction are to be included in determining the offense level if they were part of the same course of conduct or part of a common scheme or plan as the count of conviction." *Id.* (first quoting *United States v. Sleet*, 893 F.2d 947, 949 (8th Cir. 1990); and then citing U.S. Sent'g Guidelines Manual § 1B1.3 cmt. n.9 (U.S. Sent'g Comm'n 2018)). And, at sentencing, "the Court found that Johnson was part of a broader conspiracy to distribute at least five kilograms of methamphetamine between September 2018 through March 2019, when the sale of conviction took place." *Id.* (first citing crim. doc. 326 at ¶ 25; and then citing crim. doc. 357, Sent'g Tr. at 16:22–16:24). The Court explained that the "sale [for which Johnson was convicted] and the monthslong conspiracy were plainly 'part of a common scheme or plan,' so the Court properly considered the monthslong conspiracy in determining Johnson's sentence." *Id.* (quoting U.S. Sent'g Guidelines Manual § 1B1.3 cmt. n.9 (U.S. Sent'g Comm'n 2018)). Thus, the Court concluded, Johnson could establish neither element of the ineffective-assistance-of-counsel standard. *Id.* at 20.

3

In July 2025, Johnson filed a Motion to Alter or Amend Judgment under Rule 59(e).  Civ. doc. 16.  In his motion, Johnson attacks only the Court's dismissal of his first ground for section 2255 relief.  *See id.*  Johnson repeatedly argues that the Court "mischaracteriz[ed]" Johnson's first ineffective-assistance-of-counsel claim and, as a result, "[failed] to address the claim actually raised," "applied the wrong legal standard," and reached the wrong result.  *Id.* at 1–2.

## II.    Standard

Under Rule 59(e), a party may file a "motion to alter or amend a judgment . . . no later than 28 days after the entry of judgment."  "Rule 59(e) motions serve the limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.'"  *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (quoting *Innovative Home Health Care v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998)).  The Eighth Circuit "has consistently held that Rule 59(e) motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments [that] could have been offered or raised prior to the entry of judgment."  *Id.* at 934 (citations omitted).

## III.   Discussion

First, Johnson contends that, in his section 2255 motion, he "did not contest the scope of relevant conduct . . . but rather challenged trial counsel's failure to object to the unsupported application of a base offense level of 34" because the government failed to offer "evidence . . . to meet the preponderance of the evidence standard required at sentencing."  Civ. doc. 16 at 1–2.  Thus, Johnson reasons, "the Court [failed] to address the claim actually raised and applied the wrong legal standard."  *Id.* at 2.

It is Johnson, and not the Court, who seeks to recharacterize Johnson's ineffective-assistance-of-counsel argument.  The operative part of Johnson's section 2255 motion argued

4

that the Court should have determined his base offense level solely "<u>based on the offense of conviction</u>." Civ. doc. 1 at 15. Johnson did not—anywhere in his section 2255 motion—challenge the Court's factual findings as to relevant conduct or argue that his counsel should have challenged those factual findings at sentencing. *See* civ. doc. 1. Thus, Johnson seeks to "tender new legal theories" that he could have raised—but didn't raise—in his section 2255 motion. *Metro. St. Louis Sewer Dist.*, 440 F.3d at 933 (quoting *Innovative Home Health Care*, 141 F.3d at 1286). This he cannot do. *See id.*

Next, Johnson argues that he "was never informed that his base offense level would be increased 10-levels [sic], even though the drug quantity charged in the Count of conviction, along with the relevant conduct set forth in the plea-agreement" did not support "such an increase." Civ. doc. 16 at 2. But the Court's prior summary of the change-of-plea hearing demonstrates that the record blatantly contradicts Johnson's statement:

> [At his change-of-plea hearing], Johnson asked the Court why the plea agreement, in which the parties had agreed to a base offense level of 34, did not contain an offense level of 24. The Court offered a high-level explanation of the role of relevant conduct in calculating the total offense level. Johnson asked another clarifying question about the role of relevant conduct. This time, the Court instructed Johnson to discuss the issue in private with his attorney. But before the Court could finish its instruction, Johnson interjected and told the Court that he was "willing to proceed with everything" and that the relevant-conduct question was "not a real big issue or anything."

Civ. doc. 14 at 7 (citations omitted).

Johnson makes no other argument to justify reconsideration of the Court's prior denial of his section 2255 motion. Thus, the Court denies Johnson's Rule 59(e) motion. Civ. doc. 16.

### IV.     Conclusion

Accordingly, the Court denies Johnson's [16] Motion to Alter or Amend Judgment.

So ordered this 30th day of July 2025.

_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE